IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| DAVID PATTON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-3007 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

David Patton ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).  Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 32).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed his applications for DIB and SSI on October 22, 2007 alleging disability since May 14, 2005 due to separated left shoulder, chronic pain in legs, knees and lower back, anxiety, depression and bipolar disorder.  R. at 119-28, 137, 138, 143.  His claims were denied

initially and on reconsideration. R. at 81-85, 88-91. On March 23, 2010, a hearing was held before an administrative law judge ("ALJ"). R. at 27-47. In a decision dated May 14, 2010, the ALJ dismissed Plaintiff's claims through September 12, 2007 based on the doctrine of *res judicata* as another ALJ had previously found Plaintiff not disabled based on the same facts and claims as in the pending application as of that date. With respect to the time period after September 12, 2007, the ALJ denied Plaintiff's request for benefits. R. at 9-22. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since September 13, 2007. At step two, the ALJ determined that Claimant suffered from the following severe impairments: mild degenerative disc disease of the lumbar spine, left shoulder dislocation status post acromioclavicular joint surgery, obesity, meniscus tear of the right knee status post surgery, depression, anxiety, and substance abuse order. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 9-22.

III. <u>Standard of Review</u>

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

IV. <u>Discussion</u>

Plaintiff argues that the ALJ erred (1) in his RFC assessment; and (2) in relying on findings from a prior hearing.

A.  <u>RFC</u>

Plaintiff first argues that the ALJ's RFC finding is at odds with the medical evidence in the record and that the ALJ should not have accepted the opinions of the DDS medical

3

consultants over the opinion of Dr. Muhammad Naeem, Plaintiff's treating physician.  The treating physician rule does not always require adoption of a treating health care provider's opinion. While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig,* 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e); SSR 96–5p.  However, pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to ... any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]."

Dr. Naeem completed a physical residual functional capacity assessment in April 2009 in which he indicated that Plaintiff could stand for no more than two hours at a time, but could sit for about two hours overall in an eight hour workday, sit for one hour at a time, and stand for less than two hours overall in an eight hour workday, and lift up to ten pounds occasionally.  R. at 491-92.  The ALJ specifically noted these findings after recognizing that not only was Dr. Naeem the only physician to have expressed an opinion regarding Claimant's ability to perform work related functions, but he had seen Claimant "only twice" before formulating his assessment.[1]  R. at 19-20, 490.  Most significantly, the ALJ noted that Dr. Naeem indicated that

---

[1] The Court need not decide whether Dr. Naeem qualifies as a "treating source" for purposes of this decision. Giving Plaintiff the benefit of the doubt that Dr. Naeem is, in fact, his "treating physician", the ALJ did not err in

he did not expect Claimant's condition to last 12 consecutive months, which finding alone would be indicative of non-disability. R. at 19, 20, 490. *See* 20 C.F.R. §§ 404.1505(a); 416.905(a) (defining disability as the inability to do any substantial gainful activity by reason of an impairment which can be expected to last for a continuous period of not less than twelve months). Even disregarding this fact, the ALJ noted the report was internally inconsistent as Dr. Naeem noted Claimant could stand for more than two hours at a time but could stand for only less than two hours in a workday. *Id*. Finally, the ALJ noted the opinion was inconsistent with other medical evidence in the record. For example, a September 2007 MRI of Claimant's lumbosacral spine was normal, R. at 241, a January 2009 MRI of Claimant's lumbar spine revealed only minimal/mild degenerative changes, R. at 504 and a November 2009 MRI of his lumbar and thoracic spine showed no acute abnormalities. R. at 529. All of this constitutes substantial evidence to support the ALJ's decision to afford Dr. Naeem's opinion little weight.[2]

    B.    <u>Prior Hearing</u>

Plaintiff next argues that the ALJ impermissibly relied on the findings from the prior ALJ decision. While Plaintiff is correct that no evidence was presented at the second hearing, by a vocational expert or otherwise, regarding the types of jobs, if any, he could perform and which existed in substantial numbers in the national economy, he is incorrect in his contention that the ALJ was in error in relying on previous VE testimony. The Commissioner has the burden of establishing that Plaintiff could perform jobs which are available in the national economy. *See*

---

affording his opinion little weight.

*Varley v. Secretary of Health & Human Serv.,* 820 F.2d 777, 779 (6th Cir.1987) ("To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs.") (internal quotes and citations omitted). However, an ALJ may properly rely upon evidence presented at a prior hearing in making his determination. *See, e.g., Wolfe v. Chater,* 86 F.3d 1072, 1079 (11th Cir.1996) (finding "that the third ALJ's examination of the conflicting vocational expert testimony from the two prior hearings was appropriate"); *see also Naudin v. Apfel,* 119 F.Supp.2d 812, 818 (C.D.Ill.2000) ("[A]n ALJ may properly rely upon evidence presented at a prior hearing in making his determination."); *Woolf v. Sullivan,* 1992 WL 533050, *7 (E.D.Mo. Oct.19, 1992) (finding that substantial evidence existed for the ALJ's conclusion based upon the vocational expert's testimony at a prior hearing).

Here, the vocational expert testified in response to a hypothetical posited by the ALJ at Plaintiff's first hearing that a substantial number of jobs existed within the national economy for an individual with Plaintiff's RFC. Specifically, the VE testified that given the relevant work restrictions, he is capable of making a vocational adjustment to the following work at the light exertional level: a hand sander (200 regional, 55,000 nationally); a folding machine operator (300 regionally, 75,000 nationally) and a photo machine operator (500 regionally, 80,000 nationally). R. at 22, 63 (prior ALJ decision dated September 12, 2007). He further testified that Claimant could perform the following jobs at the sedentary level: plastic design

---

[2] The Court has also reviewed Plaintiff's argument regarding alleged error by the ALJ in his review of the effects of medication and pain on Plaintiff's ability to perform work and finds them without merit.

applier (300 regionally, 60,000 nationally) and a laminator (400 regionally, 75,000 nationally). R. at 22, 63. This testimony from Plaintiff's prior disability application provided the basis for the agency's denial of that application. Plaintiff appealed the earlier decision to the Appeals Council, which denied review on November 22, 2007 and the Court is not aware of any issue raised as to reopening this prior, final disposition. *See* R. at 30. Furthermore, Plaintiff does not suggest the VE's testimony was in error, and can point to nothing substantial which has changed in his condition to suggest reliance on the prior testimony is in error. Rather, Plaintiff generally refers to his "worsening condition" since the prior hearing and argues that while he was formerly found to be able to lift 30-40 pounds, he can only lift 10 pounds now, that he could previously walk longer distances and now needs a cane. The Court does not find that the ALJ erred in rejecting these limitations. With respect to Plaintiff's assertion that he can now only lift 10 pounds, apart from Plaintiff's own statements to this effect,[3] Dr. Naeem is the only other opinion in the record supporting such a restriction. R. at 491-92. As discussed above, the ALJ did not err in his rejection of Dr. Naeem's opinion. *See also* R. at 348-54 (RFC assessment of Dr. Johnston indicating Claimant could occasionally lift 20 pounds which is consistent with the ALJ's RFC finding for light work). Additionally, despite Plaintiff's assertion that he needed a cane, R. at 38-39, Dr. Naeem indicated in April, 2009 that he did not need one. R. at 492. *See* also R. at 344 (Dr. Bailey's observation that Claimant walked with a normal gait and unassisted). The ALJ simply did not rely on the prior RFC but cited to other

---

[3] The ALJ found Plaintiff to not be entirely credible.

medical evidence to support his RFC determination.  The Court finds that the ALJ's finding that the RFC of Plaintiff at the prior hearing was the same as that in the underlying one is supported by substantial evidence

Plaintiff also argues that the ALJ should not be permitted to rely on the VE testimony from the prior hearing because it did not take into account a changed labor market.  However, as discussed above, the VE identified five occupations that Plaintiff could perform which exist in significant numbers in the national and regional economies. *See Johnson v. Chater,* 108 F.3d 178, 181 (8th Cir.1997) (200 jobs at state level and 10,000 nationally, constitute a significant number). As stated in *McKnight v. Astrue*, 2008 WL 4387114 at * (W.D. La. August 15, 2008): "[t]here is no indication that the incidence of these jobs materially declined during the fourteen month intervening period between the VE's opinion and the ALJ's subsequent decision. Accordingly, plaintiff has not demonstrated that he was prejudiced by his failure to cross-examine the VE."  Similarly, the Court does not find that the ALJ erred in relying on the VE testimony from the hearing approximately three years prior.

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date: February 4, 2013                     _____/s/_____
                                           THOMAS M. DIGIROLAMO
                                           United States Magistrate Judge